**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000685
31-OCT-2012
10:33 AM**

NO. CAAP-11-0000685

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF SL and NL

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NOS. 09-12368 and 09-12369)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding Judge, Fujise and Leonard, JJ.)

Appellant Mother (Mother) and Cross-Appellant Father (Father) appeal from the Order Terminating Parental Rights, in FC-S No. 09-12368, entered on June 21, 2011 in the Family Court of the First Circuit (family court).[1]  Mother also appeals from the Order Terminating Parental Rights, in FC-S No. 09-12369, entered on June 21, 2011 in the Family Court of the First Circuit.[2]

In FC-S No. 09-12368, Mother's and Father's parental rights to their child SL were terminated.  In FC-S No. 09-12369, Mother's parental rights to her child NL were terminated.

On appeal, Mother argues that there was not clear and convincing evidence that she was not willing and able to provide a safe family home for her children, SL and NL, with the assistance of a service plan and is able to provide a safe family

_____

[1]     The Honorable Linda Martell presided.

[2]     The Honorable Linda Martell presided.

home, with the assistance of a service plan, in the foreseeable future.

On appeal, Father argues that there not clear and convincing evidence that he was not willing and able to provide a safe family home for SL, with the assistance of a service plan and is able to provide a safe family home, with the assistance of a service plan, in the foreseeable future.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Mother's and Father's points of error as follows:

(1)   There was clear and convincing evidence that Mother was not presently willing and able to provide her children with a safe family home, even with the assistance of a service plan and that it was not reasonably foreseeable that Mother would become willing and able to provide a safe family home, even with the assistance of a service plan, within a reasonable period of time, which shall not exceed two years from the children's entry into foster care.  Hawaii Revised Statutes (HRS) § 587A-33 (Supp. 2011).

At the time of the termination of parental rights hearing, a DHS social worker identified Mother's current safety issues as her long history of substance abuse, multiple unsuccessful attempts at treatment, birth of a child in the middle of this proceeding, problematic relationships, intermittent homelessness, and domestic violence.

Mother admitted that she had a long history of using illegal drugs beginning at age 10.  Mother completed several drug treatment programs.  However, she relapsed into drug use each time, once on the very day she graduated from drug court.  Mother had a total of 7 children, four with Father.  Mother had her parental rights terminated for her four oldest children.  Of the three remaining, two are the subject the instant proceeding and one was born during the instant proceeding.  Mother was involved in domestic violence with Father on more than one occasion, the

last of which prompted DHS to initiate this case. Mother was also involved in a violent situation with the father of her newest child during the pendency of this case. The DHS social worker opined that Mother would have even more difficulty caring for SL and NL with the addition of her newborn child and that Mother could not adequately care for three children. The DHS social worker also testified that Mother had a pattern of completing most of the service plans, regaining custody of her children, and then relapsing into drug use. Therefore, there was clear and convincing evidence that Mother could not currently provide a safe family home, even with the assistance of a service plan.

The DHS social worker also opined that it would take Mother at least another year to address her safety issues. The children were placed into foster care on December 23, 2009. The termination of parental rights hearing was held on June 21, 2011. Mother was projected to resolve her safety issues by June 2012 at the earliest, more than two years from the date the children first entered foster custody. Therefore, there was clear and convincing evidence that it was not reasonably foreseeable that Mother would become willing and able to provide a safe family home, even with the assistance of a service plan, within a reasonable period of time, which shall not exceed two years from the children's entry into foster care.

(2) There was clear and convincing evidence that Father was not presently willing and able to provide his child with a safe family home, even with the assistance of a service plan and that it was not reasonably foreseeable that Father would become willing and able to provide a safe family home, even with the assistance of a service plan, within a reasonable period of time, which shall not exceed two years from the child's entry into foster care. HRS § 587A-33.

A DHS social worker stated that Father's safety issues were a long history of substance use, a relatively short period of recent sobriety, numerous children with Mother, none of whom

3

are in their care, domestic violence, an unstable living arrangement, and unstable employment.

Our review of the testimony reveals that Father has had a long history of using illegal drugs starting at age 28. Father actively participated in Mother's relapse into drug use. Father tested positive for drug use multiple times even when the children were placed in family supervision. Father has seven children, six of whom were born drug exposed. DHS proposed services for Father on two prior occasions but he had never participated in drug treatment until after the initiation of this case. Father denied being involved in domestic violence despite Mother having initially filed a temporary restraining order against him. Father has a problem with openness because DHS had difficulty finding out where he works, where he lives, who his girlfriend is, and he refused to provide consent for his doctor to share information with DHS. Father was also resistant to assistance by DHS aides concerning child care and could not demonstrate the ability to set appropriate boundaries with SL The DHS social worker also stated that Father had a pattern of completing most of the service plans, regaining custody of the children, and then relapsing into drug use. Therefore, there was clear and convincing evidence that Father could not currently provide a safe family home, even with the assistance of a service plan.

The DHS social worker also opined that it would take Father at least another year to address his safety issues. Father admitted that he only began services with a service provider one month prior to the termination of parental rights hearing and that he was currently working on some issues. The children were placed into foster care on December 23, 2009. The termination of parental rights hearing was held on June 21, 2011. Father was projected to resolve his safety issues by June 2012 at the earliest, more than two years from the date the children first entered foster custody. Therefore, there was clear and convincing evidence that it was not reasonably foreseeable that

Father would become willing and able to provide a safe family home, even with the assistance of a service plan, within a reasonable period of time, which shall not exceed two years from the child's entry into foster care.

Therefore,

IT IS HEREBY ORDERED that the Order Terminating Parental Rights, in FC-S No. 09-12368, and Order terminating Parental Rights, in FC-S No. 09-12369, entered on June 21, 2011 in the Family Court of the First Circuit are affirmed.

DATED: Honolulu, Hawai'i, October 31, 2012.

On the briefs:

Wilfred S. Tangonan,
for Father-Cross-Appellant.

Herbert Y. Hamada,
for Mother-Appellant.


Mary Anne Magnier and
Eric J. Alabanza,
Deputy Attorneys General,
for Petitioner-Appellee.

Presiding Judge

Associate Judge

Associate Judge